# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| **LYNDELL THOMAS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 5:09-01519 |
| | ) |
| **WAYNE A. PHILLIPS, Warden,** | ) |
| | ) |
| Respondent. | ) |

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody[1] (Document No. 1.) and "Motion for Expungement of Incident Report and Restatement of Good Time Credit Pursuant to Section 22241" (Document No. 2.).[2] Petitioner complains that his "due process rights were violated during the DHO proceeding causing a loss of liberty interest (40-days good time credit)." (Document No. 2, p. 5.) Petitioner states that his due process rights were violated by the following (Id.):

1. Failing to allow Petitioner an opportunity to retain and present Affidavits, to support his claim of innocence;

2. DHO erred in finding Petitioner guilty of violating Prohibited Act 108 (Possession, manufacture, or introduction of a hazardous tool (i.e. cellular telephone)), as opposed to Prohibited Act 305 (Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels); and

3. DHO falsified the DHO Report.

---

[1] Petitioner attaches copies of documents involving his criminal prosecution in the Eastern District of North Carolina in Criminal Action No. 93-58-03-CR-3-BR. (Document No. 1-1.)

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In support of Ground One, Petitioner claims that he could have proven his innocence had the DHO granted him an extension of time to obtain Affidavits. (Id., pp. 2 - 6.) Petitioner alleges that on June 3, 2008, he was charged in an incident report with "violation of Bureau Regulations (108 - Use of any, and introduction of, a hazardous tool that jeopardizes the security of an institution, and 197 - Phone abuse)." (Id., p. 2.) On June 6, 2008, a Disciplinary Hearing was conducted and the Disciplinary Hearing Officer [DHO] "explained to Petitioner the nature of the charges against him, that Petitioner had a right to have a staff representative, the presentation of evidence against him, the right to present witnesses, the right for unavailable witnesses to provide written statements, and the right to appeal." (Id., pp. 2 - 3.) Petitioner acknowledges that he was allowed to make a statement during the hearing. (Id., p. 3.) Specifically, Petitioner alleges that he made the following statement:

> That a former inmate, Dennis Sumler (Reg. No. 39365-083), was the person who made the call to (910) 797-7247, which is Petitioner's brother, Wendell Thomas', cellular telephone number. Petitioner gave inmate Sumler his brother's cellphone number for the purposes of Sumler's wife contacting him in hopes of purchasing a reliable, cheap vehicle. Instead of Sumler immediately giving the number to his wife, he called the number on said-confiscated cellphone. After Sumler made said-cell phone call, he found Petitioner later that night in his cell and informed Petitioner that he had made contact with his brother by way of cellphone and discussed the possibilities of purchasing a cheap, reliable vehicle for his wife, and he had worked it out so that his wife would contact him with more details.

(Id., p. 5.) Petitioner states that he "explained to the DHO that he was innocent of the charges against him, and only two (2) people could establish the truth of his statement. However, both of them were in society, but if he (DHO) would allow a continuance he could obtain an affidavit from them." (Id., p. 3.) Petitioner alleges that the DHO improperly denied Petitioner's request for a continuance by finding that "this proceeding was not required to prove Petitioner's guilt beyond a reasonable doubt. All was required to do was to prove Petitioner's guilt by a preponderance of the evidence." (Id., p.

2

6.) Petitioner complains that the DHO was incorrect in his determination that "the mere fact that the cell phone number (910) 797-7247 was on the confiscate cellular telephone contact list, and on the Petitioner's Approved Inmate Telephone Contact List, was enough to find Petitioner guilty by a preponderance of the evidence." (Id.) The DHO, therefore, found Petitioner guilty of violating Offense Code 108, but dismissed the charge of violating Offense Code 197. (Id.) Petitioner acknowledges that the DHO "advised Petitioner of his right to appeal this decision, and if he obtains an Affidavit to submit it with the BP-10 Appeal, to the Regional Office." (Id., p. 6.) Petitioner claims that even though he submitted the Affidavit of his brother, Wendell Thomas, his BP-10 Appeal was denied by Regional Director K.M. White. (Id.) Petitioner states that he filed his Appeal to the Central Office, but National Director Harrell Watts denied his BP-11. (Id.)

In support of Ground 2, Petitioner contends that the failure to charge Petitioner with violating Offense Code 305 proves that "the DHO could not connect the charged cellular telephone to any act or attempted act of wrong doing." (Id., pp. 7 - 8.) Petitioner explains that Offense Code 305 prohibits the "possession of anything not authorized for retention or receipt by an inmate, and not issued to him through regular channels." (Id., p. 7.) Petitioner argues that "the mere possession of a cellular telephone does not establish the element that 'institution security,' 'order,' and 'personal security of both inmates and staff,' were threatened." (Id., p. 8.) Petitioner, therefore, contends that there was insufficient evidence to support the DHO's finding that Petitioner violated Offense Code 108 because the evidence only supported a finding the "cellular telephone was being used by inmates for entertain purposes only (i.e., communicating with friends and family members, sending text messages, and sending photos)." (Id.) Therefore, Petitioner contents that "this charge should have been charged as a 305 (Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through channels)." (Id.)

3

In support of Ground 3, Petitioner states the "DHO falsified the Discipline Hearing Officer Report indicating that Petitioner had no witnesses or evidence." (Id.) Petitioner explains that he "requested additional time to obtain Affidavits of Wendell Thomas and Dennis Sumler and was told by the DHO to submit any Affidavits obtained to the Regional Administrative Remedy Appeal's Office." (Id.) Petitioner complains that the Regional Office and National Appeals Office refused to consider the Affidavit of Wendell Thomas and relied on the DHO Report to support their findings. (Id.) Petitioner contends that the DHO Report violated his due process rights because (1) the preparation of the DHO Report was not witnessed by Petitioner or any staff member, (2) Petitioner was not given the opportunity to review the completed DHO Report and object to any inaccuracies, (3) Petitioner received the DHO Report approximately 83-days after the DHO Hearing. (Id.)

Petitioner attaches the following Exhibits: (1) A copy of the "Administrative Detention Order" dated June 3, 2008 (Id., p. 10.); (2) A copy of the "Incident Report" dated May 30, 2008, indicating that Petitioner violated Code Nos. 108 and 197 (Id., p. 11.); (3) A copy of the "Discipline Hearing Officer Report" dated August 14, 2008 (Id., pp. 12 - 15.); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated October 27, 2008 (Id., pp. 16 - 17.); (5) A copy of the Affidavit of Wendell Thomas (Id., p. 18.); (6) A copy of Regional Director K.M. White's Response dated January 9, 2009, denying Petitioner's appeal (Id., p. 19.); (7) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated February 11, 2009 (Id., p. 21.); and (8) A copy of Administrator Harrell Watts' Response dated April 14, 2009, denying Petitioner's appeal (Id., p. 22.).

## **DISCUSSION**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

4

must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law", the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations

omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Codes 108 and 197,[3] prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. Petitioner, however, contends that Respondent violated his due process rights because (1) the preparation of the DHO Report was not witnessed by Petitioner or any staff member, (2) Petitioner was not given the opportunity to review the completed DHO Report and object to any inaccuracies, and (3) Petitioner received the DHO Report approximately 83-days after the DHO

---

[3] The Incident Report dated June 3, 2008, described the incident as follows (Document No. 2, p. 11.):

> On May 30, 2008, the SIS Office received results from the forensics lab of the Federal Bureau of Investigation, regarding cell phones that were sent out mid January 2008, for retrieval of information from the phones. On Specimen Q1, telephone number 910-797, 7247 was found to be on the contact list of the cell phone. The phone number is listed as "sibling" on the inmate account of inmate Thomas, Lyndell, Register Number 14964-056. The address of the phone number is 2117 Providence Street, Fayetteville, North Carolina. This is also the city address on all Western Union money orders sent into inmate Thomas. There is no other inmate within this institution that this number can be attached to, except inmate Thomas. Prior to the cell phone being confiscated, inmate Thomas had made one phone call to this number, on 12-17-2007. However, after the cell phone had been confiscated and sent to the Federal bureau of Investigation, inmate Thomas made regular phone calls to this number, totaling 58. Inmate Thomas was designated to our facility in January 2006. The first phone call made after the cell phones were confiscated was on January 19, 2008. During this phone call, inmate Thomas references an email he has sent to his sibling. During the phone call, the sibling mentions sending money into the inmate today. However, there is no record of the inmate's account of receiving money anytime around this date.

Hearing. First, the undersigned finds that there is no requirement that the preparation of the DHO Report be witnessed by Petitioner or a staff member. Next, Petitioner did have the opportunity to object to the alleged inaccuracies in his DHO Report by filing an appeal with the Regional Office. Finally, Petitioner's due process rights were not violated by the delay in receiving a written decision. The regulation merely provides that an inmate is "ordinarily" entitled a written copy of the decision within 10 days of the DHO's decision. See 28 C.F.R. § 541.17(g)("The DHO shall give the inmate a written copy of the decisions and disposition, ordinarily within 10 days of the DHO's decision."). The undersigned, therefore, finds that prison officials did not violate Section 541.17(g). Furthermore, the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation.

Next, Petitioner contends that he was denied due process when the DHO refused to grant him an extension of time to obtain Affidavits from his brother, Wendell Thomas, and a former inmate, Dennis Sumler. Petitioner acknowledges that he was allowed to make a statement during his disciplinary hearing. The DHO Report summarizes Petitioner's statement as follows:

> Thomas acknowledged receiving a copy of the incident report and stated he understood his rights before the DHO. Thomas denied having used the cellular telephone; however, he admitted the telephone number is his brother's telephone number. Thomas further explained that his brother had asked Thomas to give his brother's telephone number to other inmates. Thomas further explained that another inmate's wife need a new car and Thomas gave the other inmate the phone number for his wife to call Thomas's brother to help her get a new car. Thomas explained also that he got his brother's telephone in mid-December but was unable to put that number on his phone list until January.

(Document No. 2, p. 12.) Petitioner argues that the Affidavits of Mr. Thomas and Mr. Sumler would have supported his above statement and proven his innocence. Petitioner attaches a copy of an Affidavit from Mr. Thomas as evidence that he is innocence of violating Offense Code 108.

8

(Document No. 2, p. 18.) In his Affidavit, Mr. Thomas states as follows (Id.):

    1.     In December of 2007, I was contacted on my cell phone by Dennis Sumler discussing the possibility of purchasing a cheap car.

    2.     He then gave me his wife's phone number, and told me to call her to continue further discussion about the purchase of the car.

I am writing his affidavit in behalf of Lyndell Thomas to clear up any misconception about who it was that called my cell phone in December, 2007.

In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." The undersigned finds that the DHO acted fully within his discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code108. The finding was supported by sufficient evidence and the sanction[4] was lawful and appropriate.[5] In addition to the Incident Report and Investigation, the DHO clearly considered Petitioner's statement and explanation. (Document No. 2, p. 14.) In finding that Petitioner violated Offense Code 108, the DHO specifically stated as follows:

> The DHO considered Thomas's explanation that he gave his brother's telephone number to another inmate for this other inmate's wife to get a new car, presumably

---

[4] The DHO imposed the following sanction: (1) "Disallow 40 days Good Conduct Time;" (2) "30 days Disciplinary Segregation;" (3) "30 days Disciplinary Segregation, suspended pending 180 days clear conduct;" (4) "240 days Telephone Restriction;" and (5) "Recommend Disciplinary Transfer." (Document No. 2, p. 14.)

[5] The DHO stated the "Reason for Sanction or Action Taken" as follows (Document No. 2, p. 14.):

> The possession, manufacture, or introduction of a hazardous tool will not be permitted. Actions like this threaten the security and orderly running of the institution. These actions also endanger the safety and quality of life of both inmates and staff.
>
> The DHO imposes the sanctions listed above to convey the seriousness and inappropriateness of your actions. The DHO selected these sanctions to deter Thomas and others from exhibiting similar acts of misbehavior in the future.

> with the assistance of Thomas's brother. However, Thomas offers no other evidence to support his statement about this brother's connection with a third inmate, e.g., written statement from his brother, his brother's business card, or testimony from the anonymous other inmate. Additionally, assuming Thomas's theory is correct, this still does not answer the question of why Thomas's brother's telephone number was on a cellular telephone confiscated at FCI Morgantown. There would be little reason for the anonymous inmate to have Thomas's brother's telephone number in the telephone contact list as the anonymous inmate would not be able to purchase the car for his wife. When considering these facts against the call pattern of the frequency of Thomas's calls to 910-797-7247 since the confiscation of the cellular telephone, the DHO is persuaded to give less weight of the evidence to Thomas's statements. The DHO also finds Thomas's statements lack credibility about getting this telephone number in December and not being about to put it on this ITS account until January, when the reporting officer clearly indicated in the description of the incident that Thomas called this number via the ITS on December 17, 2007. Therefore, giving greater weight of the evidence to the reporting officer description of the incident the DHO finds Thomas possessed and used a cellular telephone at FCI Morgantown. Accordingly, the DHO finds Thomas committed the prohibited act of the possession, manufacture, or introduction of a hazardous tool.
>
> The DHO does not find sufficient evidence to find that Thomas committed the separate and distinct act of the use of the Telephone to Further Criminal Activity (Greatest). Accordingly, the DHO orders this charge dismissed from the Incident Report.

(Id.) The record is void of any evidence that Petitioner requested witnesses or sought to present documentary evidence during the hearing. The DHO specifically noted that "Thomas offers no other evidence to support his statement about this brother's connection with a third inmate, e.g., written statement from his brother, his brother's business card, or testimony from the anonymous other inmate." (Document No. 2, p. 14.) The undersigned further finds that the absence of the Affidavit did not violate Petitioner's due process rights because there was "some evidence" to support the DHO's decision. See Henderson v. Commonwealth of VA, 2008 WL 204480 (Jan. 23, 2008)(although petitioner claimed that the video surveillance footage would prove his innocence, the Court determined that petitioner's due process rights were not violated by the absence of additional evidence in the form of video footage because there was sufficient evidence to support

the petitioner's punishment); Raynor v. Jackson, 2006 WL 33594333 (W.D.N.C. Nov. 20, 2006)(finding that petitioner's due process rights were not violated due to the disciplinary officer's failure to review video footage because there was "some evidence" to support the disciplinary officer's decision). Moreover, the DHO is not required to call every witness a prisoner requests if the testimony is irrelevant, cumulative, or otherwise unnecessary. Wolff, 418 U.S. at 566, 94 S.Ct. at 2980. The undersigned finds that an Affidavit from Petitioner's brother would have been cumulative and unnecessary as the Affidavit merely reiterated Petitioner's explanation.[6] The DHO found that even "assuming Thomas's theory is correct, this still does not answer the question of why Thomas's brother's telephone number was on a cellular telephone confiscated at FCI Morgantown." (Document No. 2, p. 14.) Accordingly, the undersigned finds that the disciplinary hearing comported with the due process requirements.

Finally, Petitioner argues that he was denied his right to due process because the Regional Office and National Appeals Office refused to consider the Affidavit of Wendell Thomas and improperly relied on the DHO Report to support their findings. (Document No. 2, p. 8.) Inmates may file an appeal with the Regional Director within 20 days from the date he receives written notice of the DHO's decision. If the inmate is dissatisfied with the Regional Director's decision, the inmate may file an appeal with the Office of General Counsel. The undersigned notes that Petitioner took advantage of the appeal process, but the Regional Director and Office of General Counsel denied his appeals. The undersigned, however, finds that "appellate review is not an element of due process." Massey v. Ballard, 2009 WL 2916889 (S.D.W.Va. Sept. 8, 2009)(citing, Jones v. Barnes,

---

[6] Petitioner does not attach a copy of an Affidavit from Dennis Sumler, the inmate who allegedly made the call from the cellular phone.

463 U.S. 745, 751, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983)); also see Moses v. Bledsoe, 2004 WL 3317657, at * 4 (N.D.W.Va. Sept. 28, 2004)(stating "there is no due process right to an appeal process"). Accordingly, the undersigned finds that administrative officials did not violate due process by failing to overturn and expunge Petitioner's conviction of violating Offense Code 108.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's "Motion for Expungement of Incident Report and Restatement of Good Time Credit Pursuant to Section 22241" (Document No. 2.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: August 25, 2010.

R. Clarke VanDervort
United States Magistrate Judge