# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LYNDELL THOMAS,

                Petitioner,

v.                                          CIVIL ACTION NO.  5:09-cv-01519

WAYNE A. PHILLIPS,

                Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Petitioner's *Application under 28 U.S.C. § 2241 For Writ of Habeas Corpus By a Person In State or Federal Custody* (Document No. 1); *Motion for Expungement of Incident Report and Restatement of Good Time Credit, Pursuant to 28 U.S.C. § 2241* ("Petitioner's Motion") (Document No. 2), and the *Proposed Findings and Recommendation* ("PF&R") (Document No. 10) submitted by the assigned United States Magistrate.[1]

Pro Se Petitioner, Lyndell Thomas, an inmate at Federal Correction Institute-Beckley ("FCI-Beckley"), contends that a Discipline Hearing Officer ("DHO") at the prison violated his Fifth Amendment Due Process rights by (1) failing to allow him an opportunity to obtain and present affidavits in support of his claim of innocence (*i.e.*, an affidavit from his brother Wendell Thomas);

---

[1] By Standing Order entered on December 18, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Document No. 4).

(2) charging him with violation of Bureau of Prison Prohibited Act 108 (Possession, Manufacture, or introduction of a hazardous tool – a cellular telephone) instead of Bureau of Prison Prohibited Act 305 (Possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels), and (3) falsifying the Discipline Hearing Officer's Report. ("Petitioner's Motion at 5). Petitioner also contends that the preparation of the DHO's Report was not witnessed by him or any staff member, that he was not given the opportunity to review the completed Report and object to the inaccuracies, and that he did not receive the DHO's Report until approximately 83-days after the disciplinary hearing. (*Id*. at 8).[2]

On August 25, 2010, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation, wherein he found that there was no indication of an error of constitutional magnitude in the disciplinary proceedings and that Petitioner's due process rights were satisfied given that the findings of the disciplinary authority are supported by "some evidence." Magistrate Judge VanDervort recommended that this Court deny Petitioner's Motion for Expungement of Incident Report and Restatement of Good Time Credit, Pursuant to 28 U.S.C. § 2241 (Document No. 2), dismiss the Application for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (Document No.1) and remove this matter from the Court's docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.6(d), 72(b)(2), objections to the PF&R are due within seventeen (17) days of the filing of the findings and recommendation. This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are

---

[2] *See* Proposed Findings and Recommendation (Document No. 10) for a discussion of the relevant facts and background of Petitioner's claim. In this case, any objections to the PF&R were due on September 13, 2010. No objections have been filed.

2

addressed. *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Objections to the instant PF&R were due on September 13, 2010. No objections have been filed.

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*.[3] The Court does hereby **ORDER** that Petitioner's Motion for Expungement of Incident Report and Restatement of Good Time Credit, Pursuant to 28 U.S.C. § 2241 (Document No. 2) be **DENIED**, and that Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (Document No.1) be **DISMISSED WITH PREJUDICE**. Additionally, the Court **FURTHER ORDERS** that Petitioner's Motion to Expedite (Document No. 7) is hereby **DENIED AS MOOT**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not

---

[3] The Court notes that the following case citations included in the Magistrate's submission ( PF&R at 6, 11) contained typographical errors and are presented here accurately: *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Raynor v. Jackson*, 2006 WL 3359433 (W.D.N.C. Nov. 20, 2006)

satisfied in this instance.  Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to remove this matter from the Court's docket and to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 15, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA