## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

LYNDELL THOMAS,

                Petitioner,

v.                                      CIVIL ACTION NO.  5:09-cv-01519

WAYNE A. PHILLIPS,

                Respondent.

### MEMORANDUM OPINION AND ORDER

On this day, the above-styled matter came before the Court for consideration of the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1), *Motion for Expungement of Incident Report and Restatement of Good Time Credit, Pursuant to 28 U.S.C. § 2241* ("Petitioner's Motion") (Document 2), the *Proposed Findings and Recommendation* ("PF&R") (Document 10) submitted by the assigned United States Magistrate,[1] and *Petitioner's Response to Magistrate Judge's Proposed Findings and Recommendation* (Document 13).  For the reasons that follows, the Court finds that Petitioner's objection is not meritorious and that the previous ruling (Memorandum Opinion and Order Adopting Proposed Finding and Recommendation (Document 11)) issued in this matter shall remain without modification.

---

[1]   By Standing Order entered on December 18, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  (Document 4).

*I.*

Petitioner, Lyndell Thomas, a federal inmate proceeding *pro se*, contends that a Discipline Hearing Officer ("DHO") at Federal Correctional Institution-Morgantown Prison Camp violated his Fifth Amendment Due Process rights by (1) failing to allow him an opportunity to obtain and present affidavits in support of his claim of innocence (*i.e.*, an affidavit from his brother Wendell Thomas); (2) charging him with violation of Bureau of Prison Prohibited Act 108 (possession, manufacture, or introduction of a hazardous tool – a cellular telephone) instead of Bureau of Prison Prohibited Act 305 (possession of anything not authorized for retention or receipt by the inmate, and not issued to him through regular channels), and (3) falsifying the Discipline Hearing Officer's Report. ("Petitioner's Motion" at 5).  Petitioner also contends that the preparation of the DHO's Report was not witnessed by him or any staff member, that he was not given the opportunity to review the completed Report and object to the inaccuracies, and that he did not receive the DHO's Report until approximately eighty-three (83) days after the disciplinary hearing.  (*Id*. at 8).[2]

Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF&R") on August 25, 2010.  He found that there was no indication of an error of constitutional magnitude in the disciplinary proceedings and that Petitioner's due process rights were satisfied given that the findings of the disciplinary authority are supported by "some evidence."  Specifically, Magistrate Judge VanDervort found that prison officials adequately adhered to the policies and procedures set forth in 28 C.F.R. § 541 and the relevant Bureau of Prisons' ("BOP") Program Statement; there is no requirement that the preparation of a DHO report be witnessed by Petitioner

---

[2]    *See* Proposed Findings and Recommendation (Document 10) for a discussion of the relevant facts and background of Petitioner's claim.

or staff member; Petitioner had the opportunity to object to the alleged inaccuracies in the DHO report; Petitioner's due process rights were not violated by the delay in his receipt of the DHO's written decision; and the DHO acted fully within his discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code 108. (PF&R at 7-9.)  The Magistrate Judge also found that the DHO "clearly considered Petitioner's statement and explanation" about how his brother's cell phone number came to be found in the cell phone confiscated by prison officials, that the record was void of any evidence that Petitioner requested witnesses or sought to present documentary evidence during the hearing, and that the affidavit from Petitioner's brother "would have been cumulative and unnecessary" as it "merely reiterated Petitioner's explanation."  (*Id*. at 11.)  Magistrate Judge VanDervort further found that the findings of the disciplinary authority were "lawful and appropriate" (*id*. at 9), that an appellate review of the disciplinary process is not an element of due process, and that the administrative officials did not violate Petitioner's due process by failing to overturn and expunge Petitioner's conviction of violating Offense Code 108. (*Id*. at 11-12.)  As a result, Magistrate Judge VanDervort recommended that this Court deny Petitioner's Motion for Expungement of Incident Report and Restatement of Good Time Credit, Pursuant to 28 U.S.C. § 2241, dismiss the Application for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241, and remove this matter from the Court's docket.

## II.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.6(d), 72(b)(2), objections to the Magistrate Judge's PF&R are due within seventeen (17) days of its filing. Objections to the instant PF&R were due on September 13, 2010.  On September 15, 2010, this Court considered Petitioner's

Section 2241 Petition and the Magistrate Judge's PF&R, observed that Petitioner did not file any objections to the PF&R, and adopted the findings and recommendation of the Magistrate Judge. (Memorandum Opinion and Order Adopting Proposed Findings and Recommendation (Document 11)).  One day later, the Court received the Petitioner's Response to the Magistrate Judge's Proposed Findings and Recommendations ("Pet.'s Resp.") (Document 13).  Upon receipt of a later motion for reconsideration of the September 15, 2010 Memorandum Opinion and Order, wherein Petitioner asserted that he mailed his objections prior to the deadline, this Court found Petitioner's contention, that the submission of his objections was timely, to be meritorious.[3]  (*See* Order (Document 15)). However, at that time, the Court declined to reverse its previous ruling pending a further review of Petitioner's objections.

The Court has reviewed the Section 2241 Petition, the Magistrate Judge's PF&R and Petitioner's Objections.  This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When

---

[3]   The Court considered Petitioner's contention that he mailed his response to the PF&R at the prison on September 8, 2010, prior to the deadline for his submission.  Moreover, the Court observed that Petitioner's envelope was stamped with a designation that his mail was processed at the prison on September 9, 2010.   In accordance with the  "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266 (1988), and extended to civil actions in *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991), the Court found Petitioner's objections were timely submitted.

reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

*III.*

Federal prisoners must be afforded due process before they can be deprived of their good conduct time, in which there is a liberty interest. However, inmates do not enjoy "the full panoply of due process rights due a defendant in . . . [criminal] proceedings." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In *Wolff*, the Supreme Court considered how prison disciplinary hearings must be structured to comport with the demands of due process and set forth what procedure is required at a minimum. In the context of a prison disciplinary hearing, due process requires that the inmate receive (1) advance written notice of the claimed violation at least twenty-four (24) hours before the hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense when doing so will not be unduly hazardous to institutional safety or correctional goals; (3) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken and (4) an impartial factfinder. *Wolff*, 418 U.S. 563-69. Further, to satisfy the requirements of due process, a disciplinary decision must also be supported by "some evidence" to revoke good conduct time. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). There, the Supreme Court stated:

> This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . . Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

5

(*Id.* at 455-56) (internal quotation and citations omitted). The anchor to this standard is that the disciplinary decision is not arbitrary and that it has support in the record.

In the case at bar, Petitioner challenges the disciplinary hearing held regarding the charged violation of Offense Code 108 or the possession, manufacture or introduction of a hazardous tool, after prison officials determined that his brother's cell phone number was found on the contact list of the confiscated cell phone.  In his objection to the PF&R, Petitioner restates in large part the assertions made in his Petition.  He maintains that his due process rights were violated when he was not permitted to obtain affidavits to support his "actual innocence" claim; he asserts that he was not permitted to present evidence that it was another inmate, not him, that called his brother, and that his brother's affidavit supports his statement of innocence.   The sole objection to the PF&R is his assertion that the Magistrate Judge erroneously found that the affidavit would be cumulative and unnecessary since the affidavit merely reiterated Petitioner's explanation of who used the phone. Petitioner contends the affidavit was not cumulative, but exculpatory, and if the DHO considered it there would not have been enough evidence to support a finding of guilt.

This Court disagrees.  There is no dispute that due process affords a prisoner the opportunity to call witnesses and to present evidence in defense of a charged prison violation.  Plaintiff does not dispute that the substance of his brother's affidavit is similar to the statement he gave to the DHO. The DHO assumed the statement was correct, but found it to be incredible in light of the proper weight of the evidence.  (Discipline Hearing Officer Report (Document 2) at 14).  The DHO considered not only the Petitioner's statements, but also the call pattern and the frequency of Petitioner's calls to his brother's cell phone number after the cell phone was confiscated.  The DHO also considered that another statement made by the Petitioner was not credible. (*Id.*) ("The DHO

finds Thomas' statements lack credibility about getting this telephone number in December and not being able put [sic] it on his ITS account until January, when the reporting officer clearly indicated in the description of the incident that Thomas called this number via the ITS on December 17, 2007.")   Finding the Plaintiff lacking in credibility, the DHO then found that the greater weight of the evidence was found in the reporting officer's description of the incident that Petitioner possessed and used the cellular telephone.   Here, this Court is not in a position to make an independent assessment of credibility. This Court is charged with looking for "some evidence" supporting the DHO's decision.   A review of the record in this case reveals that the DHO's decision is supported by "some evidence" and was not arbitrary.   It is clear that even without the use of the Petitioner's brother's affidavit, the DHO considered the Petitioner's theory of the case.   However, the DHO rejected that theory.   This rejection does not lead to a finding that the Petitioner's due process rights were violated.   Therefore,   the Magistrate Judge's consideration of the Petitioner's brother's affidavit as cumulative and unnecessary evidence is appropriate.   Moreover, Petitioner does not meritoriously challenge the Magistrate Judge's finding that the DHO's decision is supported by "some evidence."   Indeed, he contends without his affidavit, "the DHO has enough circumstantial evidence, to make a finding of guilt."   (Pet.'s Resp. at 4.)

Plaintiff contends that he desired, but was denied, the opportunity to present documentary evidence from his brother and the alleged cell phone user, former inmate Sumler.   The Court observes that the record in this matter does not demonstrate Petitioner's desire to present evidence at the disciplinary hearing.   Additionally, to date, there is nothing in the record from the purported bad actor detailing his use of the cell phone in the manner described by Petitioner.   However, assuming arguendo that Petitioner was not allowed to obtain documentary evidence, that denial was

erroneous.  However, on the facts of this case, it appears that such an error is harmless because the DHO considered the Petitioner's theory of the case, which is similar to what was stated in his brother's affidavit, and found it lacked credibility in light of other evidence before it.  *See Piggie v. Cotton*, 344 F.3d 674, 678 (7ths Cir. 2003) (using harmless error analysis in review of prison disciplinary board's alleged denial of prisoner's right to call witness at disciplinary hearing.)  As the Magistrate Judge found, the affidavit was simply repetitive of Plaintiff's statement.  It did not provide any evidence to further substantiate the "theory."  For instance, there is no evidence of the brother's position at a car dealership, any subsequent communication with Inmate Sumler's wife, or the car purchase.  As the DHO observed, there is no business card evidencing Petitioner's brother's employment.  Based on the foregoing and the Court's review of the record,  the Court finds that the DHO's decision was supported by "some evidence," and on these facts, this Court will not substitute its judgment for that of prison administrators.

Therefore, upon consideration of Petitioner's claim that he was denied due process at his disciplinary hearing, this Court's review of the record does not reveal a constitutional violation. Consequently, this Court finds no occasion to disturb its previous ruling that Petitioner's Application for Writ of Habeas Corpus be dismissed.

*IV.*

Accordingly, the Court **MAINTAINS ITS ADOPTION** of the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*.[4]  Petitioner's objection to the PF&R is **OVERRULED**.  As previously ordered,

---

[4]   The Court notes that the following case citations included in the Magistrate Judge's submission ( PF&R at
(continued...)

8

Petitioner's Motion for Expungement of Incident Report and Restatement of Good Time Credit Pursuant to 28 U.S.C. § 2241 (Document 2) is **DENIED**, and Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 (Document 1) is **DISMISSED WITH PREJUDICE**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance.  Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to remove this matter from the Court's docket and  to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 7, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4](...continued)
6, 11) contained typographical errors and are presented here accurately: *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Raynor v. Jackson*, 2006 WL 3359433 (W.D.N.C. Nov. 20, 2006)